## ALDRICH vs. PUTNEY.

Where a party went into possession of land, under a written contract to purchase the land, and to pay for it in five years, and, being unable to pay for the land, he abandoned it and consented that the vendor might make a new contract with another person, and the latter went into possession, under a verbal contract to purchase and pay for the land, but never made any payments thereon, and the vendor afterwards resumed the possession of the land, Held, that a complainant, who had bought up the claims of the purchasers under both contracts, after such possession had been resumed by the vendor, was not entitled to a decree for the specific performance, either of the written or of the verbal contract.

THIS case came before the chancellor upon appeal.   The facts of the case, so far as the same are necessary to understand the decision, are stated in his opinion.

*J. Taylor,* for appellant.

*A. Worden,* for respondent.

THE CHANCELLOR. This is an appeal, by the complainant, from a decree of the vice chancellor of the seventh circuit, dismissing the bill in this cause. The object of the bill, which was filed in the latter part of 1837, was to compel the specific performance of a contract for the sale of lands. From the pleadings and testimony, I am satisfied that the complainant had no claim to a specific performance. Upon his own showing, the contract with Wentworth was made in October, 1824, and the last payment thereon was to be made on the 1st of September, 1829; that is, the principal was to be paid in five equal annual payments, with interest on the whole annually. A very small portion of the payments were made; but, according to the statements in the bill, and the testimony, each party abandoned all claims against the other, under the contract, upon the verbal agreement being made, by Putney, to give to Mills a new contract for the land. It was under this verbal agreement that Mills went into possession; and not under the old contract with Wentworth which was abandoned. And it is perfectly immaterial whether the new contract was to be upon the terms of payment, by Mills, of the whole sum in two years, as stated in the defendant's answer, or upon the payment thereof in four yearly payments, with annual interest, as specified in the original agreement. For Mills did neither. He remained there five years, without making any payment whatever towards the principal; and if he paid any interest under this verbal agreement, which is doubtful, it was only paid to the 1st of September, 1836. I am inclined to think, however, from the testimony, that the interest paid was upon a subsequent agreement, made with the wife of Mills, to permit the family to remain upon the premises upon payment of the annual interest for a certain time, and not as a part payment for the land, under the verbal agreement to renew the contract. At the time Putney took possession of the land, in 1837, therefore, Mills had no right to a specific performance, either of the origi-

nal contract, which was abandoned in 1832, or of the verbal agreement for a new contract, which he had entirely failed to fulfil, either wholly or in part. Under such circumstances, a court of equity ought not to sustain the bill of a third person, who had bought up a claim of this kind, knowing that it would be contested. The fact that the original contract was not assigned to Mills, in 1832, is of itself a very strong circumstance to show that all parties considered it as at an end. Whether both the written and the verbal contracts were not invalid, for want of mutuality, are questions which it is not necessary to consider; as I am satisfied that the bill was properly dismissed, without reference to those questions. The decree appealed from must therefore be affirmed, with costs.